## No. 2215.
## Second Circuit Appeal.

## R. H. FLETCHER
v.
## WINNFIELD BOTTLING WORKS, ET AL.

(June 6, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Obligations—Par. 80.**
Under Articles 1951, 1957 and 2474 of the Civil Code, parties to a contract are not presumed to use words which mean nothing and courts must give effect if possible to everything that they see fit to put in them.

2. **Louisiana Digest—Obligations—Par. 79.**
Where one sold a business to another after having overpaid for the business the taxes due the United States, the fact that contract of sale contained the word "attendant interest" sold will not give the seller the right to recover the surplusage of the taxes paid by him before the sale.

3. **Louisiana Digest—Evidence—Par. 53, 60.**
The plaintiff having failed to sustain the burden of proof to make out his case, the judgment must necessarily be with the defendant.

4. **Louisiana Digest—Sales—Par. 42.**
Under Article 2474 of the Civil Code the seller is bound to explain himself clearly and therefore, unless he can show that he has explained himself clearly the judgment must be against him in case of doubt.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Winn, Hon. J. E. Reynolds, Judge.

This is a suit to collect the amount of a refund made by the United States Government for over payment of taxes for a business which was afterwards sold by the plaintiff. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Moss and Peters, of Winnfield, attorneys for plaintiff and appellant.

E. L. Walker, of Winnfield attorney for defendants and appellees.

CARVER, J. The plaintiff appeals from a judgment rejecting his demand against Winnfield Bottling Works, a commercial partnership composed of E. C. Givens and E. A. Givens, for $308.56, the amount of a refund made by the United States Government, being over-payment of tax paid by the business known as "Winnfield Bottling Works" while it belonged to and was operated by the plaintiff.

Plaintiff was operating the business of manufacturing and selling "soft" drinks and other articles usually sold therewith under the name of "Winnfield Bottling Works".

On November 21, 1922, he leased various items of personal property to defendants, E. A. Givens and E. C. Givens for a period of thirty days, the lease giving them an option to buy the property for the price of $5500.00 cash. The rental was fixed at $500.00 to be applied on the purchase price in case defendants availed themselves of the option.

The name "Winnfield Bottling Works" was not used in the lease contract, but the articles listed were those used in the business run under that name.

The option was accepted by defendants within an extended period granted them, whereupon plaintiff, on January 22, 1923, executed an act of sale to defendants E. A. Givens and E. C. Givens from which we make the following extract.

"The Winnfield Bottling Works and all of the equipment situated and located in said plant, including one Maxwell delivery truck and one wrecked Maxwell truck, and any and all other equipment used, located and belonging to said Winnfield Bottling Works. He further sells the name of the concern, Winnfield Bottling Works, and its good will and attendant interest, and further, in consideration hereinafter stated, agrees, binds and obligates himself not to engage in the manufacture of soft drinks of any kind whatsoever, within the Town of Winnfield or adjacent ter-

ritory for a period of five years from date hereof.

\* \* \*

"It is further understood and agreed that party of the first part, owner of the certain frame building located on Main street, adjacent to the Rock Island railroad in which the Winnfield Bottling Works is now located, does hereby lease and let unto party of the second part, the said building for a period of one year from November 22, 1922, at a monthly rental of ten ($10.00) dollars, payable at the end of each month."

It seems that plaintiff, in settling with the United States Government for taxes due on the sale of soft drinks, had paid more than he owed and was entitled to a refund, the amount of which could not be known until final adjustment by the United States Treasury Department. He made application for the refund, doing so in the name of Winnfield Bottling Works, being advised so to do by the Bottlers Association, because the tax had been paid under that name.

It appears that besides conducting the soft drink business plaintiff also conducted in the same building a cigar business which was not included in the sale to defendants. After the sale he remained for a time in the building leased to defendants.

The defendants, of course, after the sale continued the soft drink business in the name of "Winnfield Bottling Works".

Some of the mail addressed to "Winnfield Bottling Works" related to old matters occurring during Fletcher's regime and some related to new matters under the regime of defendants.

For some time after the sale, mail so addressed was taken from the post office by plaintiff and defendants indifferently each giving to the other what belonged to him or them. Plaintiff says this was by agreement. Givens disputes this, and says he had to complain to a United States lawyer in order to stop plaintiff from getting and opening his mail. Plaintiff admits that confusion resulted from both parties getting the mail and on February 11, 1923, wrote the Postmaster to put all mail so addressed in defendants' box. He admits having heard that defendants complained to the authorities.

Plaintiff's application for the refund was made in the early part of 1923, but the time is not exactly fixed.

Plaintiff introduced in evidence a postal card from the Treasury Department dated March 13, 1923, mailed at Washington, March 14, 1923, addressed to Winnfield Bottling Works, acknowlegding receipt of the claim.

Plaintiff testifies, page 43, that defendant E. A. Givens got this card from the post office and gave it to him in the presence of his son, R. M. Fletcher, who corroborates this, page 57. Givens denies this, page 25.

Givens introduced an undated check for $2400 drawn in favor of plaintiff and purporting to have been endorsed by him stating in the body "in full for Winnfield Bo. Works complete", on which is a notation in the corner reading thus: "Including all outstanding accounts that pertain to credit. All incumbrance paid by R. H. F."

Givens swears, page 53, that the check was given to plaintiff in part payment of the price of the sale and that the notation was on it when he delivered it to plaintiff.

Plaintiff, page 58, admits getting a check for this amount but says if this was the check it did not have the notation on it when he received it.

Plaintiff says that since the sale he has been collecting accounts due the Winnfield Bottling Works at the time of the sale and that he did not include the claim

sued for herein, or any of the accounts in the sale, pages 33, 41 and 58.

E. A. Givens admits that plaintiff has been collecting accounts, but denies his right to do so and swears that they as well as this claim were included in the sale. He says, pages 28, 44 and 52, that special mention was made of the Government claim on the Friday evening before Christmas just preceding the sale and that plaintiff represented it as large enough to cover the $500.00 rent, urging this as an inducement to buy.

T. W. Hilton, page 49, corroborates this, except that he does not fix the date exactly, though he says it was after the lease and before the sale was made.

Plaintiff objected to this testimony on the ground that parol evidence was not admissible to vary or contradict a written sale, but the Judge admitted the testimony subject to the objection.

The District Judge held against plaintiff and dismissed his suit on the ground that the claim for refund passed to defendants by virtue of the words "attendant interest" in the contract.

In this court plaintiff's counsel urge that this construction of the contract was erroneous. They point out that these words are not used in connection with the physical property sold but in connection with the name and good will of the Winnfield Bottling Works. They say in their brief "the attendant interest" sold with the name and good will of a business would not take from the grantor or give grantee any greater rights than the sale of the good will can convey".

We do not perceive the force of this argument. If the claim is attendant on anything it is attendant on the name and not on the physical property transferred. The taxes paid were not paid on or in connection with the physical property sold to defendant. On the contrary, they were paid on sale made to others before Givens bought.

Counsel also argue that the claim was on the footing of accounts; that plaintiff, after the sale, went on collecting these, and that defendants themselves made no reclamation of the Government but allowed plaintiff to put in the claim and push it to conclusion.

It is argued by counsel for defendant that the testimony introduced, if admissible, affirmatively shows that the claim was included in the sale, and that whether admissible or not the contract, under prescribed rules of construction, must be held to include it.

The rules invoked are Civil Code articles 1951, 1957 and 2474, which read as follows:

"Article 1951. When a clause is susceptible of two interpretations, it must be understood in that in which it may have some effect, rather than in a sense which would render it nugatory."

"Article 1957. In a doubtful case the agreement is interpreted against him who has contracted the obligation."

"Article 2474. The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him."

Plaintiff's counsel has not suggested what would be included under the terms "attendant interest", arguing, on the contrary, that the words used in connection with the name and good will would not pass anything beyond what would pass without them. We can think of nothing ourselves that the words would carry unless it be such a thing as the present claim or a license tax paid in advance or insurance premium paid in advance.

Parties to a contract are not presumed to use words which mean nothing and courts must give effect if possible to everything they see fit to put in them. The

proof in the record does not show whether there was any unexpired insurance prepaid. As the sale was made on January 22nd, it is not likely that there was any prepaid license.

If the claim be considered on the footing of accounts, the plaintiff's case is helped but little. It is true he continued to collect these, but he does not show that he did so with defendants' consent. On the contrary, Givens swears that he did not consent but protested and that he himself tried to collect the accounts but was unable to do so because of the claim that they were due to the candy and cigar branch of the business. The circumstance that defendants knew plaintiff was pursuing the claim and made no objection is of some force in favor of plaintiff. Givens says that he considered the claim as of little or no value. Besides, this, the claim was being made in the name of the Winnfield Bottling Works and though Givens does not give this as a reason yet he may have thought that as he had bought the name and the check would likely come in at that time, he only would be entitled to cash it.

Of course, if it be true as Givens swears that the notation on the check was placed there before it was received by plaintiff, this circumstance would strongly corroborate the case of defendants. The testimony on this subject is evenly balanced, plaintiff swearing one way and Givens the other.

On the whole, the burden being on plaintiff to make out his case, the law requiring us to give effect to all parts of the contract, and further requiring the vendor or other obligor to explain himself clearly, we have concluded to affirm the judgment of the lower court. And it is so decreed.